UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

JOHN TRISVAN,

                        Plaintiff,

v.

KALEX PARTNERS, LLC and
CHECKERS DRIVE-IN RESTAURANTS, INC.,

                        Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
16-CV-7000 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

On December 15, 2016, Plaintiff John Trisvan, proceeding *pro se*, filed this action against Defendants Kalex Partners, LLC[1] and Checkers Drive-in Restaurants, Inc.[2] (Compl. 1, Docket Entry No. 1.) Plaintiff seeks relief pursuant to 18 U.S.C. § 2255 and alleges gross negligence by Defendants because he suffered food poisoning after eating in a Checkers Drive-in Restaurant owned and operated by Defendants. (*Id.* at 2.) Plaintiff seeks ten million dollars in damages. (*Id.* at 5.) The Court grants Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, the Court dismisses the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order.

**I. Background**

Plaintiff alleges that on September 10, 2016, he purchased and ate food from the

---

[1] Plaintiff alleges that Kalex Partners, LLC is the franchise owner of the Checkers Drive-In Restaurant he visited. (Compl. 2.) Plaintiff provides Florida addresses for Kalex Partners, LLC and Checker's Drive-In Restaurants, Inc. (*Id.* at 1.)

[2] Plaintiff has filed multiple actions in the Eastern District of New York. *See Trisvan v. Heyman*, No. 16-CV-0084 (E.D.N.Y. May 6, 2016 (pending motion to dismiss)); *Trisvan v. Annucci*, No. 14-CV-6016 (E.D.N.Y. Jan. 18, 2017 (order granting motion for extension of time to answer amended complaint)); *Trisvan v. Ercole*, No. 07-CV-4673 (E.D.N.Y. Jan. 30, 2015).

Checkers Drive-In Restaurant located at 491 Nostrand Avenue in Brooklyn, New York and subsequently "felt sick and nauseous." (Compl. 2.) Plaintiff sought medical treatment at Woodhull Hospital, where he was diagnosed with "gastroenteritis and colitis." (*Id.*) Plaintiff alleges that Defendants' negligent maintenance of the restaurant caused him to sustain food poisoning. (*Id.* at 3–5.) Plaintiff alleges that he later discovered the same Checkers Drive-In Restaurant has "received numerous citations from various agencies." (*Id*. at 3.) According to Plaintiff, the property had 109 violations "ranging from unsanitary conditions in and outside the establishment; lacking permits; conducting business unauthorized and illegally; to failing inspections, and refusing inspectors from entering their business dwellings for status reports." (*Id*.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if

the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). In addition, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it . . . ." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)))

### b. Subject matter jurisdiction

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). The statutory provisions for federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Federal question jurisdiction provides federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). A plaintiff properly invokes Section 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. Under the diversity jurisdiction statute, federal courts have subject matter jurisdiction over state law claims where the plaintiff and defendant are of diverse citizenship, and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."[3] 28 U.S.C. §

---

[3] For a federal court to exercise subject matter jurisdiction based on diversity, there must be complete diversity of citizenship between all plaintiffs and all defendants. *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject

3

1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012).

Here, Plaintiff fails to meet his burden to show that the Court has subject matter jurisdiction because he does not allege facts to support a federal cause of action. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Plaintiff attempts to invoke federal question jurisdiction by relying on 18 U.S.C. § 2255, but Plaintiff's factual allegations do not support a cause of action under that statute. (Compl. 2.) Section 2255 provides a civil remedy for minors who were victims of certain enumerated criminal offenses, none of which are applicable here. The gravamen of the Complaint is that due to Defendants' negligent maintenance of the Checkers Drive-In Restaurant, Plaintiff suffered food poisoning. (*Id.* at 2–5.) Section 2255 does not provide the Court with jurisdiction over Plaintiff's negligence claim. Plaintiff's negligence claim arises under state law and does not provide the Court with federal question jurisdiction. *See Logan v. Matveevskii*, 175 F. Supp. 3d 209, 236 (S.D.N.Y. 2016) (declining jurisdiction over state law claims including, among others, a claim for negligence); *see, e.g.*, *Porrazzo v Bumble Bee Foods, LLC*, 822 F. Supp. 2d 406, 414 (S.D.N.Y. 2011) (discussing elements of state law claim of negligence); *Bunkley-Claybrooks v Shelly's of N.Y.*, No. 07-CV-7727, 2009 WL 2486046, at *4 (S.D.N.Y. Aug. 14, 2009) (discussing elements of state law claim of negligence based on food poisoning).

Accordingly, Plaintiff's claim is dismissed because his invocation of 18 U.S.C. § 2255 is

---

matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants."); *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) ("The complaint alleged that Lovejoy and the defendant resided in New York, thereby precluding diversity jurisdiction."). For purposes of diversity of citizenship, a corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Bayerische Landesbank, N.Y. Brach v. Aladdin Capital Mgmt. LLC,* 692 F.3d 42, 48 (2d Cir. 2012).

not related to his state-law negligence claim. *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 132 (2d Cir. 2010) (holding that a claim invoking federal question jurisdiction under 28 U.S.C. § 1331 may be dismissed for want of subject matter jurisdiction if it is not colorable, *i.e.*, if it is "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." (citations omitted)).

### III. Conclusion

Accordingly, the Complaint is dismissed for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(b); Fed. R. Civ. P. 12(h)(3). The Court grants Plaintiff leave to file an amended complaint within thirty (30) days from the entry of this Memorandum and Order.

Plaintiff is advised that the amended complaint will completely replace the original complaint, must be captioned, "Amended Complaint," and shall bear the same docket number as this Memorandum and Order. If Plaintiff intends to invoke the Court's diversity jurisdiction over his state law claim, he should clearly state the basis for doing so. If Plaintiff fails to file an amended complaint within the time allowed, judgment dismissing this action shall be entered for the reasons set forth above. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

      s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: January 26, 2017
      Brooklyn, New York