UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

| | |
|---|---|
| JOHN TRISVAN, | NOT FOR PUBLICATION |
| Plaintiff, | **MEMORANDUM & ORDER**<br>16-CV-7000 (MKB) |
| v. | |
| CHECKERS DRIVE-IN RESTAURANTS, INC.<br>and BROOKLYN FOOD ONE, INC., | |
| Defendants. | |

-------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff John Trisvan, proceeding *pro se*, filed this action on December 15, 2016, against Defendants Kalex Partners, LLC and Checkers Drive-In Restaurants, Inc. ("Checkers"), alleging gross negligence and seeking relief pursuant to 18 U.S.C. § 2255. (Compl. 1–2, Docket Entry No. 1.) Plaintiff twice amended the Complaint and, on September 29, 2017, filed a Third Amended Complaint ("TAC") adding Brooklyn Food One, Inc. ("Brooklyn One") as a Defendant, and removing Kalex Partners, LLC as a Defendant. (TAC, Docket Entry No. 36.) Plaintiff asserts claims of gross negligence and breach of warranty against Defendants pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et. seq.* ("MMWA"), and asserts state law claims for negligence, tortious misrepresentation, and breach of warranty under section 2-314 of the New York Uniform Commercial Code, N.Y. U.C.C. § 2-314. (*Id.*) Plaintiff alleges that he suffered food poisoning after eating in a Checkers Drive-In Restaurant owned and operated by Checkers.[1] (*Id.* at 3.)

Currently before the Court is Defendants' motion to dismiss the TAC pursuant to Rules

---

[1] Plaintiff alleges that Brooklyn One are the "current franchisees" of Checkers. (TAC 1.)

12(b)(1), (2), (5), and (6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim.[2] (Defs. Mot. to Dismiss ("Defs. Mot."), Docket Entry No. 38; Defs. Mem. of Law. in Supp. of Defs. Mot. ("Defs. Mem."), Docket Entry No. 38.) For the reasons discussed below, the Court grants Defendants' motion and dismisses the TAC.

## I. Background

### a. Factual background

On September 10, 2016, Plaintiff purchased and ate "[two] Big Bufords[,] [two] small Iced teas, along with [two] small fries" from the Checkers located at 491 Nostrand Avenue in Brooklyn, New York and subsequently "felt sick and nauseous."[3] (TAC 2.) Plaintiff sought medical treatment at Woodhull Hospital, where he was diagnosed with "gastroenteritis and colitis" and prescribed a Zantac tablet. (*Id.*) Plaintiff alleges that Defendants' negligent maintenance of the restaurant and poor food quality caused him to suffer food poisoning. (*Id.* at 3–5.) Plaintiff also contends that the same Checkers "[has] numerous citations from various agencies." (*Id.* at 3.) He alleges that the restaurant had 109 violations "ranging from unsanitary conditions in and outside the establishment; lacking permits; conducting business unauthorized and illegally; to failing inspections, and denying inspectors access to their business dwellings to

---

[2] Defendants purport to move to dismiss the TAC pursuant to Rules 12(b)(2) and (5) of the Federal Rules of Civil Procedure. (Defs. Mem.) However, because Rule 12(b)(2) addresses challenges based on personal jurisdiction and Rule 12(b)(5) addresses challenges based on insufficient service of process, and Defendants have not advanced either of these arguments, the Court finds that Defendants have not appropriately moved pursuant to these rules.

[3] The facts alleged in the TAC are assumed to be true for the purpose of deciding Defendants' motion. Because Plaintiff is proceeding *pro se*, the Court also considers and assumes the truth of the factual allegations in Plaintiff's opposition to the motion. *See, e.g.*, *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion.").

make inspections." (*Id*.) Plaintiff also alleges that Defendants posted warranties "on walls throughout their establishment," including that Defendants sold "crazy good food" and that the food was "the best on Earth." (TAC 7; Pl. Opp'n to Defs. Mot. ("Pl. Opp'n") 3, Docket Entry No. 40.) Plaintiff seeks to recover ten million dollars for personal injuries he sustained as result of Defendants' purported defective products. (TAC 12.)

    **b. Procedural background**

By Memorandum and Order dated January 26, 2017, the Court dismissed Plaintiff's Complaint for lack of subject matter jurisdiction, but granted Plaintiff leave to file an amended complaint. (Mem. and Order dated Jan. 26, 2017, Docket Entry No. 4.)

On February 21, 2017, Plaintiff filed an Amended Complaint asserting identical allegations and invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Am. Compl., Docket Entry No. 5.)

On June 29, 2017, Plaintiff filed a Second Amended Complaint ("SAC"), adding Brooklyn One as a Defendant. (SAC, Docket Entry No. 20.) After Magistrate Judge Steven Tiscione warned Plaintiff that the addition of Brooklyn One likely destroys the Court's diversity jurisdiction, (Minute Entry dated Sept. 12, 2017, Docket Entry No. 31), Plaintiff filed the TAC, asserting a claim under the MMWA and several state law claims against Checkers and Brooklyn One. (TAC 10, 12.)

Defendants now move to dismiss the TAC for lack of subject matter jurisdiction and failure to state a claim. (Defs. Mot.)

## II. Discussion

### a. Standards of review

#### i. Rule 12(b)(1)

A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court "lacks the statutory or constitutional power to adjudicate it." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)); *see also Chau v. S.E.C.*, 665 F. App'x 67, 70 (2d Cir. 2016). The plaintiff has the burden to prove that subject matter jurisdiction exists, and in evaluating whether the plaintiff has met that burden, "'[t]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citations omitted), *aff'd*, 561 U.S. 247 (2010). A court may consider matters outside of the pleadings when determining whether subject matter jurisdiction exists. *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013); *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010).

#### ii. Rule 12(b)(6)

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint liberally, "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d

Cir. 2002)); *see also Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quoting *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

### b. The Court lacks subject matter jurisdiction over Plaintiff's claim

Plaintiff alleges that Defendants had written warranties that its food was "crazy good food" and "the best on Earth," and that such warranties were defective and therefore violated the MMWA. (TAC 7.) In addition, Plaintiff alleges that, although "[n]o oral warranty was made by Defendants," warranties were "posted on walls throughout their establishment attempting to give the impression that consumer goods sold by Defendant[s] were in full compliance with state and federal law." (Pl. Opp'n 3.)

Defendants argue that Plaintiff attempts to "stretch[] the concept of warranty under the [MMWA]" by inaccurately alleging that the MMWA covers the facts of this case, when the statements made were product descriptions rather than warranties. (Defs. Mem. 5.)

5

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). The statutory provisions for federal subject matter jurisdiction are contained in 28 U.S.C. sections 1331 and 1332. Federal question jurisdiction provides federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). A plaintiff properly invokes section 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. Under the diversity jurisdiction statute, federal courts have subject matter jurisdiction over state law claims where the plaintiff and the defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012).

Construing Plaintiff's allegations to "raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)), the Court lacks federal question jurisdiction.[4]

The MMWA "is a remedial statute designed 'to improve the adequacy of information available to consumers, prevent deception, and improve competition in the marketing of consumer products.'" *Pyskaty v. Wide World Cars, LLC*, 856 F.3d 216, 222 (2d Cir. 2017) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. Abrams*, 899 F.2d 1315, 1317 (2d Cir. 1990)). The MMWA "permits 'a consumer who is damaged by the failure of a supplier, warrantor, or

---

[4] Plaintiff invokes only the Court's federal question jurisdiction under the MMWA. Because both Plaintiff and Brooklyn One are citizens of New York, the Court lacks diversity jurisdiction. (*See* TAC 2.)

service contractor to comply with . . . a written warranty [or] implied warranty . . . [to] bring suit for damages and other legal and equitable relief." *Id*. (quoting 15 U.S.C. § 2310(d)(1)). The MMWA provides, in pertinent part, that "[n]o claim shall be cognizable . . . if the amount in controversy of any individual claim is less than the sum or value of $25" or "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(A), (B); *Abedrabbo v. Topps Meat Co., LLC*, 756 F. Supp. 2d 18, 23 (D. D.C. Dec. 21, 2010) (stating that "no claim under the [MMWA] shall be cognizable in federal court 'if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in [the] suit.'" (citing 15 U.S.C. § 2310(d)(3)(B)).

In addition, the MMWA specifically precludes recovery for personal injury. It states in relevant part: "Nothing in this chapter (other than sections 2308 and 2304(a)(2) and (4) of this title) shall (A) affect the liability of, or impose liability on, any person for personal injury, or (B) supersede any provision of State law regarding consequential damages for injury to the person or other injury." 15 U.S.C. § 2311(b)(2); *see Kelly v. Fleetwood Enterprises, Inc.*, 377 F.3d 1034, 1038 (9th Cir. 2004) (dismissing the plaintiff's claim under the MMWA where the plaintiff sought damages for "loss of enjoyment of retirement," finding such "loss of enjoyment" to be precisely the type of relief potentially available under state law but not under the [MMWA]").

Plaintiff's MMWA claim seeks recovery for personal injuries he sustained as a result of food poisoning and is therefore not cognizable under the MMWA. *See Abedrabbo*, 765 F. Supp. 2d at 23 (dismissing the plaintiff's MMWA claim where the plaintiff attempted to recover for personal injuries he sustained, including abdominal cramps, bloody diarrhea, and fatigue, because of the defendant's beef products). In addition, because personal injury damages cannot

7

be included in calculating the amount in controversy, Plaintiff fails to meet the jurisdictional minimum required to bring a claim under the MMWA. *See id.* (finding that the plaintiff's claim under the MMWA failed to meet the jurisdictional minimum because the plaintiff sought to recover damages only for personal injuries).

Accordingly, Plaintiff's allegations do not invoke the Court's federal question jurisdiction.

### c. Plaintiff fails to state a claim under the MMWA

Even assuming, *arguendo,* that Plaintiff properly invokes the Court's subject matter jurisdiction, Plaintiff fails to state a claim under the MMWA because "crazy good food" and "the best on Earth," do not constitute written warranties as defined by the MMWA.

The MMWA defines "written warranty" as:

> any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time.

15 U.S.C. § 2301(6)(A). "[C]razy good food" and "the best on Earth" are not warranties that a product is defect free and provide no guarantee that a product will meet a specified level of performance.[5] *See In re Frito-Lay North America, Inc. All Natural Litigation*, No. 12-MD-2413, 2013 WL 4647512, at *17 (E.D.N.Y. Aug. 29, 2013) (finding that "All Natural" labels on various chip and dip products do not constitute written warranties because the label "does not warrant a product free from defect" and does not "constitute a promise that the product 'will

---

[5] Plaintiff does not link the purported warranties to any specific consumer product. Rather, Plaintiff alleges, generally, that Defendants' advertising of "crazy good food" and "the best on Earth" made the "impression upon Plaintiff of there being a business that provided proper food that was healthy and safe for purchase and consumption." (Pl. Opp'n 2; TAC 7.)

meet a specified level of performance over a specified period of time'" (quoting *Wilson v. Frito-Lay N. Am., Inc.*, No. 12-CV-1586, 2013 WL 1320468, at *15 (N.D. Cal. Apr. 1, 2013))). At most, "crazy good food" and "the best on Earth" are slogans and not promises specifying a level of performance over time, as required by the MMWA. *See Bowling v. Johnson & Johnson*, 65 F. Supp. 3d 371, 377 (E.D.N.Y. 2014) (finding that the label "Restores Enamel" is a product description, "not a promise of performance over time," and that the plaintiff's MMWA claim therefore fails as matter of law).

Because Plaintiff's claim for personal injuries suffered as a result of Defendants' food are not cognizable under the MMWA, and, in any event, "crazy good food" and "the best on Earth" do not constitute warranties, the Court dismisses Plaintiff's MMWA claim with prejudice.

### d. Dismissal of Plaintiff's state law claims

Because the Court lacks subject matter jurisdiction over Plaintiff's federal claim, the Court has no original jurisdiction in this case and, therefore, cannot exercise supplemental jurisdiction over Plaintiff's state law claims. *See Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017) ("[A] district court cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction." (internal citation omitted)). Accordingly, Plaintiff's state law claims are dismissed without prejudice.

## III. Conclusion

For the foregoing reasons, the Court grants Defendants' motion and dismisses Plaintiff's MMWA claim with prejudice and his state law claims without prejudice. The Court grants Plaintiff leave to file a fourth amended complaint within thirty (30) days from the date of this Memorandum and Order. If Plaintiff decides to amend his complaint, he must plead allegations that would invoke the Court's federal question or diversity jurisdiction. Plaintiff may include his

state law claims in any amended complaint.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: January 25, 2019
       Brooklyn, New York

SO ORDERED:

       s/ MKB
MARGO K. BRODIE
United States District Judge